Donald J. Kula, Bar No. 144342
DKula@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: +1.310.788.9900
Facsimile: +1.310.788.3399

Nicola C. Menaldo, *pro hac vice*
NMenaldo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Mikella M. Hurley, *pro hac vice pending*
MHurley@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W. Suite 800
Washington, DC 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

Attorneys for Defendant
GERBER PRODUCTS COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIANCA VELASCO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GERBER PRODUCTS COMPANY, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-07758-SPG-PVC<br><br>**REPLY AND NOTICE OF NON-OPPOSITION TO MOTION TO DISMISS**<br><br>Date: January 8, 2025<br>Time: 1:30 p.m.<br>Ctrm: 5C<br>Judge: Hon. Sherilyn Peace Garnett |

**REPLY AND NOTICE OF NON-OPPOSITION TO MOTION TO DISMISS**

Gerber Products Company ("Gerber" or "Defendant") seeks dismissal of the Complaint for all of the reasons set forth in its Motion to Dismiss ("Motion") (ECF No. 18), namely: (1) the Complaint fails to establish Plaintiff's Article III standing to sue in federal court (which Plaintiff's counsel has since acknowledged), (2) the Complaint does not establish a prima facie case of personal jurisdiction, and (3) even if Plaintiff had satisfied the requirements for standing and personal jurisdiction, the Complaint fails to state a claim under the CalPRTT Act, Cal. Penal Code § 638.51 *et seq*. The Court should also dismiss the Complaint for the additional reason that Plaintiff did not file an Opposition to Gerber's Motion, and therefore has consented to the Motion. *See* C.D. Cal. L.R. 7-12.

Plaintiff Vianca Velasco ("Plaintiff" or "Ms. Velasco") filed this action against Gerber on September 11, 2024. (ECF No. 1). On November 25, 2024, Gerber filed the instant Motion pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 18). The Motion is scheduled to be heard on January 8, 2025. Plaintiff's Opposition to Gerber's Motion was due on December 18, 2024, and any Reply is due no later than December 24, 2024. *See* C.D. Cal. L.R. 7-9 & 7-10.

Plaintiff did not file an Opposition to the Motion on December 18, 2024. Instead, Plaintiff filed an untimely First Amended Complaint on December 17, 2024. (ECF No. 19). On December 20, 2024, the Court notified Plaintiff's counsel that this filing was untimely and that the original briefing schedule on Gerber's Motion remained in place unless the parties stipulated to the amendment or to an extension of the briefing schedule. (ECF No. 20).

Plaintiff did not contact Gerber to seek a stipulation until 12:36 p.m. on December 23, 2024—the day before the due date for Gerber's Reply, and three days after the Court's notice regarding the briefing schedule. *See* Declaration of Mikella M. Hurley ISO Reply and Not. of Non-Opp. to Mot. to Dismiss ("Hurley Decl."),

¶ 2, Ex. A (Dec. 23, 2024 Email Correspondence from N. Kumar). Plaintiff's counsel stated that he "agree[d] that the current operative complaint fails to sufficiently allege Article III standing," but maintained that "this was fixed in the FAC." *Id.*

Gerber declines to stipulate to an amended complaint. Prior to filing its Motion, and consistent with this Court's Standing Orders, *see* J. Garnett Standing Ords. for Newly Assigned Civ. Cases, Ord. G(1), Gerber met and conferred with Plaintiff regarding the bases for its Motion and the deficiencies in the Complaint, and Plaintiff had ample opportunity to amend the Complaint to attempt to cure those deficiencies before Gerber filed its Motion. *See* Not. of Mot. and Mot. to Dismiss at 2 (ECF No. 18); Declaration of N. Menaldo ISO Mot. to Dismiss ("Menaldo Decl.") (ECF No. 18-1), ¶¶ 2, 3. Plaintiff's counsel declined to do so, stating instead that he preferred to amend the Complaint only after Gerber filed its Motion. *See* Menaldo Decl. ¶ 2. After Gerber filed its Motion, Plaintiff had several weeks to file an amended complaint prior to the deadline for doing so. Instead, Plaintiff let this deadline pass and only attempted to amend her Complaint *after* the deadline and without Gerber's consent or leave of the Court—creating considerable uncertainty regarding Gerber's upcoming Christmas Eve reply date. At this juncture, after Plaintiff has twice failed to timely amend the Complaint, dismissal is warranted.

And if Plaintiff seeks leave to amend, Gerber is prepared to argue that the Court should deny Plaintiff's request. Not only would amendment at this juncture prejudice Gerber and cause undue delay, it would be futile since Plaintiff's untimely filed First Amended Complaint cures virtually none of the deficiencies identified in Gerber's Motion. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (stating that "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile"). Among other things, and as reflected in recent Ninth Circuit authority, Plaintiff's proposed amendments fall far short of demonstrating the kind of concrete injury sufficient to confer Article III

standing. *See Daghaly v. Bloomingdales.com, LLC*, No. 23-4122, 2024 WL 5134350, at *1 (9th Cir. Dec. 17, 2024). While Plaintiff now seeks to allege that she at least visited Gerber's site, the Ninth Circuit has made clear that a mere visit to a website is not enough to impart standing for purposes of a CIPA claim. *See id.* (confirming dismissal of CIPA claim because plaintiff merely alleged that she visited and accessed the defendant's website, but she did "not allege that she herself actually made any communications that could have been intercepted once she had accessed the website," or "assert, for example, that she made a purchase, entered text, or took any actions other than simply opening the webpage and then closing it").

Consequently, the Complaint should be dismissed with prejudice. Dismissal is appropriate for the numerous, independently sufficient reasons set forth in Gerber's Motion. And by failing to oppose Gerber's Motion, Plaintiff has effectively conceded that the Court should dismiss the Complaint. *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion."). Dismissal on this basis is also appropriate in light of Plaintiff's failure to comply with the rules of procedure. *See, e.g.*, *Rendon v. Cnty. of Orange*, No. 21-56163, 2022 WL 16832810, at *1 (9th Cir. Nov. 9, 2022) (listing factors courts consider when evaluating dismissal for failure to comply with rules); *Patel v. City of Los Angeles*, 791 F. App'x 688, 689 (9th Cir. 2020) (dismissal appropriate where plaintiffs "ignored the local rule[s]" by failing to timely amend or oppose, and therefore relinquished their "opportunity to substantively respond" to defendant's motion).

For the reasons set forth above, Gerber respectfully requests that the Court dismiss the Complaint with prejudice.

DATED: December 23, 2024

**PERKINS COIE LLP**

By: /s/ *Donald J. Kula*

Donald J. Kula, Bar No. 144342
DKula@perkinscoie.com
Nicola C. Menaldo, *pro hac vice*
NMenaldo@perkinscoie.com
Mikella M. Hurley, *pro hac vice pending*
MHurley@perkinscoie.com

Attorneys for Defendant
GERBER PRODUCT COMPANY